UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                        :

ZEBONE BROWN,                    :

                  Plaintiff,   :

                      :       24 Civ. 6348 (LGS)

        -against-      :

                      :         ORDER

ST. FRANKS LTD., et al,       :

              Defendants. :

                      :

-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on August 22, 2024, Plaintiff brought this action.

    WHEREAS, the Order, dated October 8, 2024, directed the parties to file a joint letter and a proposed civil case management plan by January 8, 2025.  [Dkt. 7]

    WHEREAS, Defendant did not appear, and Plaintiff did not file such materials by January 8, 2025.

    WHEREAS, the Order, dated January 10, 2025, directed Plaintiff to file either the materials, if he was in communication with Defendant, or a status letter if he was not, by January 14, 2025.  [Dkt. 10]

    WHEREAS, Plaintiff did not file the directed materials or letter by January 14, 2025.

    WHEREAS, the Order, dated January 16, 2025, extended Plaintiff's deadline to file the materials or letter to January 17, 2025, and warned Plaintiff that continued violation of this Court's order would result in dismissal of the action for failure to prosecute.  [Dkt. 11]

    WHEREAS, Plaintiff did not file the directed materials or letter by January 17, 2025. Instead, Plaintiff filed a motion for extension of time to amend complaint by January 24, 2025, stating his need to add a new Defendant, which motion was granted.  [Dkts. 11, 13]

    WHEREAS, Plaintiff did not file the amended complaint by January 24, 2025.

WHEREAS, the Order, dated January 21, 2025, extended the deadline for the parties to file a joint letter and a proposed civil case management plan to February 11, 2025.  [Dkt. 13]

WHEREAS, Plaintiff did not serve the new Defendant or file the directed materials by February 11, 2025.

WHEREAS, the Order, dated February 12, 2025, directed Plaintiff to either file the directed materials, if he was in communication with Defendants, or a status letter if he was not, by February 18, 2025.  [Dkt. 20]

WHEREAS, Plaintiff did not file the directed materials or letter by February 18, 2025. Instead, Plaintiff asked for an adjournment of the initial pretrial conference scheduled for March 11, 2025, at 3:00 P.M.  [Dkt. 22]  The request was denied in light of the four adjournments granted before.  [Dkt. 23]

WHEREAS, an initial pretrial conference was scheduled to be held on March 11, 2025, at 3:00 P.M.

WHEREAS, Plaintiff did not appear at the conference.  It is hereby

**ORDERED** that this action is dismissed for failure to prosecute.  A court may dismiss an action "[i]f the plaintiff fails to prosecute."  *See* Fed. R. Civ. P. 41(b).

> A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014);[1] *accord Lopez v. 3662 Broadway Rest.*

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

*Corp.*, No. 19 Civ. 975, 2023 WL 3847141, at *2 (S.D.N.Y. June 6, 2023). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

The first factor, the duration of Plaintiff's failure to comply with court orders, weighs in favor of dismissal. "There is no absolute measure by which to determine whether the delay is significant. Rather, the determination is case-specific: significant delay can range from weeks to years depending upon the circumstances." *Abarca v. Chapter 4 Corp.*, No. 18 Civ. 11206, 2019 WL 13221420, at *1 (S.D.N.Y. Mar. 21, 2019). Since January 8, 2025, Plaintiff repeatedly has failed to comply with the Court's orders, and then failed to appear at a scheduled court conference. While the two-month period is relatively short compared with most cases in this District dismissed for failure to prosecute, Plaintiff's seven violations during this time span despite "this Court's repeated directives" weighs in favor of dismissal. *See Saint-Fleur v. JPMorgan Chase Bank, N.A.*, No. 23 Civ. 4908, 2024 WL 3185077, at *3 (S.D.N.Y. June 26, 2024); *cf. Compere v. MTGLQ Invs. LP*, No. 23 Civ. 4669, 2023 WL 6606848, at *2 (S.D.N.Y. Oct. 10, 2023) ("Delays of several months have been found sufficient.").

The second factor, whether Plaintiff was on notice that failure to comply would result in dismissal, weighs in favor of dismissal. On January 16, 2025, Plaintiff was advised that continued violation of the Court's orders may result in sanctions. The Court's order "provide[d] clear guidance on how [Plaintiff] could avoid dismissal." *See Baptiste*, 768 F.3d at 218.

The third factor, whether Defendants are likely to be prejudiced by further delay in the proceedings, is neutral. Neither Defendant has appeared in this case.

The fourth factor, a balancing of the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard, is neutral. "[T]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is

subrogated to the convenience of the court." *Sanchez v. Cnty. of Dutchess*, No. 21-2408, 2023

WL 3047971, at *2 (2d Cir. Apr. 24, 2023) (summary order).  "Noncompliance with court orders

undermines the ability of the Court to manage its docket and dispense justice to all litigants in an

expeditious manner." *Toro v. Merdel Game Mfg. Co.*, No. 22 Civ. 8505, 2023 WL 2368986, at

*2 (S.D.N.Y. Mar. 6, 2023).  Because the Court's burden in managing its docket is not

"extreme," *see Sanchez*, 2023 WL 3047971, at *2, this factor weighs slightly in favor of

dismissal.

Finally, the fifth factor, whether the Court has adequately considered a sanction less

drastic than dismissal, weighs in favor of dismissal.  "A lesser sanction is unlikely to persuade

Plaintiff to participate as he has already been informed that his failure to participate may lead to

the dismissal of his action, but he has not responded." *Abarca*, 2019 WL 13221420, at *2.

For the foregoing reasons, this action is dismissed for failure to prosecute pursuant to Federal

Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to close the case.

Dated: March 12, 2025
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**